UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                          *
RAINA DEMARRIAS, by and   *        File 1:18-CV-1004
through DAWN RENVILLE, her *
successor in interest,     *
                          *
          Plaintiff,       *
    -vs-                   *     SEPARATE ANSWER OF DEFENDANTS
                          *     CODINGTON COUNTY, TOBY WISHARD,
CODINGTON COUNTY, HUMAN    *     THOMAS WALDNER, ERIN LENZNER
SERVICE AGENCY, TOBY WISHARD, *  a/k/a ERIN WINGE, TYREL MINOR,
THOMAS WALDER, ERIN LENZNER, *   TYLER VARNS, AND KELLY SPIEKER
a/k/a ERIN WINGE, TYREL     *
MINOR, TYLER VARNS, KELLY   *
SPIEKER, and SHAWN NILLS,   *
                          *
          Defendants.      *
                          *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

Defendants Codington County, Toby Wishard, Thomas Waldner, Erin Lenzner, a/k/a Erin Winge, Tyrel Minor, Tyler Varns, and Kelly Spieker (hereinafter "these Defendants"), for their answer and responsive pleading to the plaintiff's Complaint, state:

## FIRST DEFENSE

The Complaint fails to state a claim against them upon which relief can be granted.

## SECOND DEFENSE

Deny each and every matter, allegation and thing set out in the Complaint, except such matters as are hereinafter expressly admitted.

## THIRD DEFENSE

Answering the specific allegations of the Complaint, these defendants:

1.   Admit the allegations set forth in paragraph 1.

2.   Admit the allegations set forth in paragraph 2.

3.   Admit the allegations set forth in paragraph 3.

4.   As to the allegations set forth in paragraph 4:

A.   Admit that Raina DeMarrias died on or about May 14, 2016, while in the custody of the Codington County Sheriff's Department;

B.   Are without sufficient information to admit or deny that the plaintiff is a citizen of the United States and resides in Minnehaha County, South Dakota; and

C.   Admit that plaintiff is a successor in interest to decedent, and that she has been appointed special administrator of decedent's estate.

5.   Admit the allegations set forth in paragraph 5.

6.   Admit the allegations set forth in paragraph 6.

7.   Admit the allegations set forth in paragraph 7.

8.   As to the allegations set forth in paragraph 8:

A.   Deny that Defendant Toby Wishard was employed as the sheriff, as the sheriff in Codington County is an elected position;

B.   Admit that Defendant Toby Wishard was the elected

sheriff at all relevant times pertaining to this case;

C.    Admit that Defendant Toby Wishard was the direct super-
visor of the chief corrections officer and the chief
deputy sheriff and all other deputy sheriffs;

D.    Admit that Defendant Toby Wishard was the indirect
supervisor of the assistant chief corrections officer
and the other corrections officers.

9.    Admit the allegations set forth in paragraph 9.

10.   Admit the allegations set forth in paragraph 10.

11.   Admit the allegations set forth in paragraph 11.

12.   Admit the allegations set forth in paragraph 12.

13.   Admit the allegations set forth in paragraph 13.

14.   Admit the allegations set forth in paragraph 14.

15.   As to the allegations set forth in paragraph 15:

A.    Admit that the county is a public entity.

B.    Deny any liability as to the claims set forth by the
plaintiff.

16.   The allegations set forth in paragraph 16 are not
directed at these defendants.  To the extent the allegations are
directed at these defendants, they are hereby denied.

17.   Deny the allegations set forth in paragraph 17.

18.   Deny the allegations set forth in paragraph 18.

19.   Due to the nature of the allegations set forth in
paragraph 19, no responsive pleading is necessary.  To the extent

00250377.WPD / 1                          3

a responsive pleading is necessary, it is hereby denied.

20.  Admit the allegations set forth in paragraph 20.

21.  Admit the allegations set forth in paragraph 21.

22.  Admit the allegations set forth in paragraph 22.

23.  Admit the allegations set forth in paragraph 23.

24.  Admit the allegations set forth in paragraph 24.

25.  Admit the allegations set forth in paragraph 25.

26.  As to the allegations set forth in paragraph 26:

A.  Hamlin County and Codington County entered into an "Agreement to House Adult Prisoners at the Codington County Detention Center" on January 6, 2015.

27.  Admit the allegations set forth in paragraph 27.

28.  Admit the allegations set forth in paragraph 28.

29.  Admit the allegations set forth in paragraph 29.

30.  Admit the allegations set forth in paragraph 30.

31.  Admit the allegations set forth in paragraph 31.

32.  Admit the allegations set forth in paragraph 32.

33.  Admit the allegations set forth in paragraph 33.

34.  Admit the allegations set forth in paragraph 34.

35.  Admit the allegations set forth in paragraph 35.

36.  Admit the allegations set forth in paragraph 36.

37.  Admit the allegations set forth in paragraph 37.

38.  Admit the allegations set forth in paragraph 38.

39.  Admit the allegations set forth in paragraph 39.

40.   As to the allegations set forth in paragraph 40:

A.    Admit the allegations set forth in paragraph a.; and

B.    Admit the allegations et forth in paragraph b.

41.   Admit the allegations set forth in paragraph 41.

42.   Admit the allegations set forth in paragraph 42.

43.   Admit the allegations set forth in paragraph 43.

44.   Admit the allegations set forth in paragraph 44.

45.   Admit the allegations set forth in paragraph 45.

46.   Admit the allegations set forth in paragraph 46.

47.   Admit the allegations set forth in paragraph 47.

48.   Admit the allegations set forth in paragraph 48.

49.   Admit the allegations set forth in paragraph 49.

50.   Admit the allegations set forth in paragraph 50.

51.   Admit the allegations set forth in paragraph 51.

52.   Admit the allegations set forth in paragraph 52.

53.   Admit the allegations set forth in paragraph 53.

54.   As to the allegations set forth in paragraph 54:

A.    Admit the allegations set forth in paragraph a.;

B.    Admit the allegations set forth in paragraph b.;

C.    Admit the allegations set forth in paragraph c.; and

D.    Admit the allegations set forth in paragraph d.

55.   Admit the allegations set forth in paragraph 55.

56.   Admit the allegations set forth in paragraph 56.

57.   Admit the allegations set forth in paragraph 57.

58.   Admit the allegations set forth in paragraph 58.

59.   As to the allegations set forth in paragraph 59:

A.   Admit the allegations set forth in paragraph a.;

B.   Admit the allegations set forth in paragraph b.; and

C.   Admit the allegations set forth in paragraph c.

60.   Admit the allegations set forth in paragraph 60.

61.   Admit the allegations set forth in paragraph 61.

62.   Admit the allegations set forth in paragraph 62.

63.   Admit the allegations set forth in paragraph 63.

64.   Admit the allegations set forth in paragraph 64.

65.   As to the allegations set forth in paragraph 65:

A.   Admit the allegations set forth in paragraph a.;

B.   Admit the allegations set forth in paragraph b.;

C.   Admit the allegations set forth in paragraph c.;

D.   Admit the allegations set forth in paragraph d.; and

E.   Admit the allegations set forth in paragraph e.

66.   As to the allegations set forth in paragraph 66:

A.   Admit the allegations set forth in paragraph a.;

B.   Admit the allegations set forth in paragraph b.;

C.   Admit the allegations set forth in paragraph c.;

D.   Admit the allegations set forth in paragraph d.;

E.   Admit the allegations set forth in paragraph e.;

F.   Admit the allegations set forth in paragraph f.; and

G.   Admit the allegations set forth in paragraph g.

67.   As to the allegations set forth in paragraph 67:

A.   Admit the allegations set forth in paragraph a.;

B.   Admit the allegations set forth in paragraph b.; and

C.   Admit the allegations set forth in paragraph c.

68.   Admit the allegations set forth in paragraph 68.

69.   As to the allegations set forth in paragraph 69:

A.   Admit the allegations set forth in paragraph a.;

B.   Admit the allegations set forth in paragraph b.;

C.   Admit the allegations set forth in paragraph c.; and

D.   Admit the allegations set forth in paragraph d.

70.   As to the allegations set forth in paragraph 70:

A.   Admit the allegations set forth in paragraph a.

71.   Admit the allegations set forth in paragraph 71.

72.   Admit the allegations set forth in paragraph 72.

73.   Admit the allegations set forth in paragraph 73.

74.   Admit the allegations set forth in paragraph 74.

75.   Admit the allegations set forth in paragraph 75.

76.   As to the allegations set forth in paragraph 76:

A.   Lenzner received medical training on or about May 15, 2012;

B.   The remainder of the allegations in paragraph 76 are hereby admitted.

77.   Admit the allegations set forth in paragraph 77.

78.   Admit the allegations set forth in paragraph 78.

79.  Admit the allegations set forth in paragraph 79.

80.  Admit that Lenzner's CPR certification was not current between April 17, 2016 and June 21, 2016.

81.  Admit the allegations set forth in paragraph 81.

82.  Admit the allegations set forth in paragraph 82.

83.  Admit the allegations set forth in paragraph 83.

84.  As to the allegations set forth in paragraph 84:

A.  Are without sufficient information to admit or deny whether Mr. Varns was ever CPR certified prior to being employed at the Codington County Detention Center; and

B.  Admit that Varns became CPR certified or recertified on June 22, 2016.

85.  Admit the allegations set forth in paragraph 85.

86.  Admit the allegations set forth in paragraph 86.

87.  Admit the allegations set forth in paragraph 87.

88.  As to the allegations set forth in paragraph 88:

A.  Are without sufficient information to admit or deny whether Minor was ever CPR certified prior to becoming employed at the Codington County Detention Center; and

B.  Admit that Minor became certified or recertified on January 22, 2018.

89.  Admit the allegations set forth in paragraph 89.

90.  Admit the allegations set forth in paragraph 90.

91.  Admit the allegations set forth in paragraph 91.

92.   Admit the allegations set forth in paragraph 92.

93.   Admit the allegations set forth in paragraph 93.

94.   Admit the allegations set forth in paragraph 94.

95.   Admit the allegations set forth in paragraph 95.

96.   Admit the allegations set forth in paragraph 96.

97.   Admit the allegations set forth in paragraph 97.

98.   Admit the allegations set forth in paragraph 98.

99.   Admit the allegations set forth in paragraph 99.

100. Are without sufficient information to admit or deny the allegations set forth in paragraph 100.

101. Admit the allegations set forth in paragraph 101.

102. Admit the allegations set forth in paragraph 102.

103. Admit the allegations set forth in paragraph 103.

104. Admit the allegations set forth in paragraph 104.

105. Admit the allegations set forth in paragraph 105.

106. Admit the allegations set forth in paragraph 106.

107. Admit the allegations set forth in paragraph 107.

108. Admit the allegations set forth in paragraph 108.

109. As to the allegations set forth in paragraph 109:

A.   Admit that on or about March 16, 2016, Nills contacted Dr. Nipe at the Brown Clinic and requested that Raina be seen for medication management.

110. Admit the allegations set forth in paragraph 110.

111. Admit the allegations set forth in paragraph 111.

112. As to the allegations set forth in paragraph 112:

A. Admit that Raina made certain requests while in custody at the Codington County Detention Center.

B. Deny that Raina made "repeated" requests to "obtain" or "change" her medication.

113. Deny the allegations set forth in paragraph 113.

114. Admit the allegations set forth in paragraph 114.

115. Deny the allegations set forth in paragraph 115.

116. Admit the allegations set forth in paragraph 116.

117. As to the allegations set forth in paragraph 117:

A.   Admit that Lenzner told Special Agent Bellon that Raina was quietly sitting at the day area table during head count and did not seem like herself;

B.   Are without sufficient information to admit or deny the remainder of the allegations set forth in paragraph

118. Admit the allegations set forth in paragraph 118.

119. Admit the allegations set forth in paragraph 119.

120. Admit the allegations set forth in paragraph 120.

121. Admit the allegations set forth in paragraph 121.

122. Admit the allegations set forth in paragraph 122.

123. As to the allegations set forth in paragraph 123:

A.   Plaintiff is assuming that Raina DeMarrias was considered a suicide risk at the time she committed suicide;

B.     If someone is not considered a suicide risk, then the allegations set forth in paragraph 123 would not be applicable; and

C.     Deny the remainder of the allegations set forth in paragraph 123.

124. Admit the allegations set forth in paragraph 124.

125. Admit the allegations set forth in paragraph 125.

126. Admit the allegations set forth in paragraph 126.

127. Are without sufficient information to admit or deny the allegations set forth in paragraph 127.

128. Admit the allegations set forth in paragraph 128.

129. Admit the allegations set forth in paragraph 129.

130. Admit the allegations set forth in paragraph 130.

131. As to the allegations set forth in paragraph 131:

A.     Admit that at approximately 6:25 p.m. Raina took the sheet from a bunk in the cell and tied one end to the bars of the cell window; and

B.     As to the remainder of the allegations set forth in paragraph 131, these defendants are without sufficient information to admit or deny the same.

132. As to the allegations set forth in paragraph 132:

A.     Admit that Raina tied the sheet around her own neck;

B.     As to the remainder of the allegations set forth in paragraph 132, these defendants are without sufficient

00250377.WPD / 1                         11

information to admit or deny the same.

133. As to the allegations set forth in paragraph 133:

A.   Admit that Raina's actions resulted in her strangula-tion and death; and

B.   As to the remainder of the allegations set forth in paragraph 133, these defendants are without sufficient information to admit or deny the same.

134. Admit the allegations set forth in paragraph 134.

135. Admit the allegations set forth in paragraph 135.

136. Admit the allegations set forth in paragraph 136.

137. Admit the allegations set forth in paragraph 137.

138. Admit the allegations set forth in paragraph 138.

139. Admit the allegations set forth in paragraph 139.

140. Admit the allegations set forth in paragraph 140.

141. Admit the allegations set forth in paragraph 141.

142. Admit the allegations set forth in paragraph 142.

143. Admit the allegations set forth in paragraph 143.

144. Admit the allegations set forth in paragraph 144.

145. Admit the allegations set forth in paragraph 145.

146. Admit the allegations set forth in paragraph 146.

147. Admit the allegations set forth in paragraph 147.

## COUNT 1

### Deliberate Indifference, Fourteenth Amendment, 42 U.S.C. § 1983

1.   Due to the nature of the allegations set forth in

paragraph 1, no responsive pleading is necessary.

2.   Deny the allegations set forth in paragraph 2.

3.   Deny the allegations set forth in paragraph 3.

4.   Deny the allegations set forth in paragraph 4.

5.   Deny the allegations set forth in paragraph 5.

6.   Deny the allegations set forth in paragraph 6.

7.   Deny the allegations set forth in paragraph 7.

**COUNT 2**

**Deliberate Indifference, Fourteenth Amendment,
42 U.S.C. § 1983**

8.   Due to the nature of the allegations set forth in paragraph 8, no responsive pleading is necessary.

9.   Admit the allegations set forth in paragraph 9.

10.   The allegations set forth in paragraph 10 are not directed at these defendants, however, to the extent they are, they are hereby denied.

**COUNT 3**

**Fourteenth Amendment Monell Municipal Liability,
42 U.S.C. § 1983**

11.   Due to the nature of the allegations set forth in paragraph 11, no responsive pleading is necessary.

12.   Deny the allegations set forth in paragraph 12.

13.   Deny the allegations set forth in paragraph 13.

14.   Deny the allegations set forth in paragraph 14.

15.   Deny the allegations set forth in paragraph 15.

16.   Deny the allegations set forth in paragraph 16.

17.   Deny the allegations set forth in paragraph 17.

18.   Deny the allegations set forth in paragraph 18.

19.   Admit the allegations set forth in paragraph 19.

### COUNT 4

### Negligent Hiring, Training, and Supervision

20.   Due to the nature of the allegations set forth in paragraph 20, no responsive pleading is necessary.

21.   Deny the allegations set forth in paragraph 21.

22.   Deny the allegations set forth in paragraph 22.

### COUNT 5

### Wrongful Death

23.   Due to the nature of the allegations set forth in paragraph 23, no responsive pleading is necessary.

24.   Admit the allegations set forth in paragraph 24.

25.   Deny the allegations set forth in paragraph 25.

26.   Admit the allegations set forth in paragraph 26.

27.   Deny the allegations set forth in paragraph 27.

28.   Deny the allegations set forth in paragraph 28.

### COUNT 6

### Survival Action

29.   Due to the nature of the allegations set forth in paragraph 29, no responsive pleading is necessary.

30.   Are without sufficient information to admit or

deny the allegations set forth in paragraph 30 as these defend-
ants do not know what the plaintiff means by the allegations set
forth in this paragraph.

    31.  Deny the allegations set forth in paragraph 31.

### FOURTH DEFENSE

Affirmatively allege that these defendants are entitled
to qualified immunity with respect to any claim asserted pursuant
to 42 U.S.C. § 1983.

### FIFTH DEFENSE

Affirmatively allege that the decedent was contribu-
torily negligent, more than slight, which bars any recovery under
a theory of negligence or wrongful death.

### SIXTH DEFENSE

Affirmatively allege that SDCL 3-21-8 absolves these
defendants of any liability.

### SEVENTH DEFENSE

Affirmatively allege that Ms. DeMarrias assumed the
risk of the injuries and death which resulted from her action and
bars the plaintiff's recovery.

WHEREFORE, these defendants demand judgment dismissing
plaintiff's Complaint on the merits and with prejudice; awarding
these defendants their costs and disbursements herein, including
attorney's fees and expenses; and granting such other and further
relief as the Court deems just and proper under the circum-

stances.

      THESE DEFENDANTS DEMAND A TRIAL BY JURY.

         Dated this 11th day of July, 2018.

                    RICHARDSON, WYLY, WISE, SAUCK
                      & HIEB, LLP

                    By      /s/ Joshua K. Finer
                        Attorneys for Defendants
                        Codington County, Toby
                        Wishard, Thomas Waldner, Erin
                        Lenzner, a/k/a Erin Winge,
                        Tyrel Minor, Tyler Varns, and
                        Kelly Spieker

                    One Court Street
                    Post Office Box 1030
                    Aberdeen, SD  57402-1030
                    Telephone No. 605-225-6310
                    Facsimile No. 605-225-2743
                    E-mail: jfiner@rwwsh.com